IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JOHN S. BURSON,** *et al.*, | * |
| Plaintiffs, | * |
| v. | * Case No. RWT 16-cv-2013 |
| **WILBUR L. DANIELS,** *et al.*, | * |
| Defendants. | * |

************

| | |
|---|---|
| **WILBUR L. DANIELS,** *et al.*, | * |
| Plaintiffs, | * |
| v. | * Case No. RWT 16-cv-2014 |
| **STATE OF MARYLAND,** *et al.*, | * |
| Defendants. | * |

## **MEMORANDUM OPINION**

Wilbur and Kathern Daniels removed an 8-year-old foreclosure proceeding to this Court from the Circuit Court for Prince George's County on June 10, 2016. Case No. RWT 16-cv-2013. On the same day, they also filed a Complaint "against all persons claiming an interest in and to property known as 9717 Dale Drive, Upper Marlboro, MD 20772." Case No. RWT 16-cv-2014. This is the same property that is the subject of the foreclosure proceedings. *See* Case No. RWT 16-cv-2013, ECF No. 2. For the reasons that follow, the removed foreclosure proceeding will be remanded and the new Complaint filed in this Court will be dismissed.

I.     BACKGROUND FACTS AND PROCEDURAL HISTORY

In 2008, an Order to Docket foreclosure was filed in the Circuit Court for Prince George's County for the Dale Drive property. *Id.* From that point, the state court docket reveals multiple suggestions of bankruptcy and stays. Ultimately, the property was auctioned off and the court ratified the sale on April 13, 2015. CAE-08-29938, Dkt. 48. A writ of possession was issued on March 14, 2016. CAE-08-29938, Dkt. 62. Wilbur and Kathern Daniels, who were the mortgagors, allege that they own the property and that the foreclosure proceedings were permeated by fraud and discrimination. Case No. RWT 16-cv-2014, ECF No. 1, at 4. Their Complaint asserts numerous claims against all those involved in the foreclosure proceedings, including the judge and the State of Maryland. *Id*. They request a stay or injunction forbidding the continuation of the foreclosure proceeding, as well as other relief.

II.     ANALYSIS

A federal district court must liberally construe a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). To this end, the majority of the Complaint and Notice of Removal is unintelligible. The Court has attempted to discern the alleged causes of action and supporting facts.

A. THE FORECLOSURE PROCEEDING

    1. Case No. 16-cv-2013

        a. *Timeliness*

As a preliminary matter, the removal of the foreclosure proceeding was untimely. A proceeding must typically be removed within 30 days of the receipt of the initial pleading by the defendant. 28 U.S.C. § 1446 (b) (2014). Proceedings removed based on diversity cannot be removed more than a year after commencement. *Id.* § 1446 (c). Applying either requirement, the removal in this case occurred eight years after the action commenced and was therefore exceedingly untimely.

        b. *Rooker-Feldman*

Even if the removal were timely, this Court nevertheless lacks subject matter jurisdiction over the foreclosure proceeding under the *Rooker-Feldman*[1] doctrine. "The *Rooker–Feldman* doctrine is a jurisdictional rule providing that lower federal courts generally cannot review state court decisions." *Holliday Amusement Co. of Charleston v. State of S. Carolina*, 401 F.3d 534, 537 (4th Cir. 2005). This is true whether the claims have been "actually decided" in state court or are "inextricably intertwined" with a state court decision. *See Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000). "A federal claim is considered to be 'inextricably intertwined' with a state court judgment when 'the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.'" *Holliday Amusement Co.*, 401 F.3d at 437 (quoting *Allstate Ins. Co. v. W. Va. State Bar*, 233 F.3d 813, 819 (4th Cir. 2000)). In either case, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based

---

[1] So named after *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923).

on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994).

"Courts have consistently applied the *Rooker–Feldman* doctrine to dismiss claims requesting federal district court review of a state court's eviction and foreclosure proceedings." *Sanders v. Cohn, Goldberg & Deutsch, LLC*, No. CV DKC 15-1571, 2016 WL 223040, at *4 (D. Md. Jan. 19, 2016) (internal quotations and citations omitted); *see id.* (listing cases). Here, Wilbur and Kathern Daniels have already challenged the foreclosure sale in state court and are once again attempting to challenge the state court's judgments. Any adjudication of the current claims would require review of the state court's determinations throughout the foreclosure proceeding. *See Sanders*, No. CV DKC 15-1571, 2016 WL 223040, at *5 (internal citations omitted). Such a review is within the purview of the state appellate court, but not this Court. *See Brown*, 211 F.3d at 198–99. Thus, this Court lacks subject matter jurisdiction over Wilbur and Kathern Daniels' foreclosure action and must remand it back to state court.

Even if, hypothetically, the Court determined that the removal was timely and that subject matter jurisdiction did exist, Wilbur and Kathern Daniels are not entitled to a stay or injunction of the foreclosure proceeding. In deciding whether to issue an injunction, a district court must consider: (1) the balance of likely harm to both plaintiffs and defendants; (2) the likelihood that the party requesting an injunction will succeed on the merits; and (3) public interest. *Steakhouse, Inc. v. City of Raleigh, N.C.*, 166 F.3d 634, 637 (4th Cir. 1999). The decision to grant a stay also requires considering "competing interests and maintain[ing] an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). The foreclosure proceeding in this case was commenced in 2008 and Wilbur and Kathern Daniels have actively opposed it. Nonetheless, a writ of possession has been issued for the property. *See* Case No. 16-cv-2103,

ECF No. 51. Despite Wilbur and Kathern Daniels' assertions, the foreclosure proceeding has been all but finalized. The balance of equities does not favor this Court issuing a stay or an injunction.

For the foregoing reasons, the request for an injunction or stay is denied and the case is remanded to the Circuit Court for Prince George's County.

    2. Case No. 16-cv-2014

        a. *Rooker-Feldman*

The Complaint in Case Number 16-cv-2014 suffers from the same infirmities. For the reasons discussed in the previous section, this Court lacks subject matter jurisdiction over the claims, which all require that this Court find the foreclosure was fraudulently or negligently obtained. This would require the Court to review, and in fact, overturn, the decisions of the state court as to the merits of the foreclosure. These claims must be dismissed with prejudice.

        b. *Res judicata*

Additionally, although "the *Rooker-Feldman* doctrine bars federal actions 'complaining of injuries caused by state-court judgments' themselves, . . . it does not apply to federal actions that are merely parallel to concurrent state court actions, and which originate from the same alleged injuries that occurred outside of the judicial process." *Roberts v. Thrasher*, No. CIV. A. ELH-15-1906, 2015 WL 4485477, at *2 (D. Md. July 20, 2015) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). To the extent Wilbur and Kathern Daniels' claims are not already barred by the *Rooker-Feldman* doctrine, however, "[i]t is well established that the doctrine of *res judicata* bars the relitigation of matters previously litigated between parties and their privies, as well as those claims that *could have been asserted*

*and litigated in the original suit.*" *Anyanwutaku v. Fleet Mortgage Grp., Inc.*, 85 F. Supp. 2d 566, 570 (D. Md.) *aff'd*, 229 F.3d 1141 (4th Cir. 2000) (emphasis added).

"The preclusive effects of a state court judgment are determined by state law." *Jones v. HSBC Bank USA, N.A.*, 444 F. App'x 640, 643 (4th Cir. 2011). "The elements of res judicata under federal law are analogous to those under Maryland law: (1) identical parties, or parties in privity, in the two actions; (2) the claim in the second matter is based upon the same cause of action involved in the earlier proceeding; and, (3) a prior and final judgment on the merits, rendered by a court of competent jurisdiction in accordance with due process requirements." *Anne Arundel Cty. Bd. of Educ. v. Norville*, 390 Md. 93, 108, 887 A.2d 1029, 1037–38 (2005).

On the face of the Complaint, it is apparent that all three prongs are satisfied for any claims against individuals or entities who were parties to the foreclosure proceedings. First, the parties are identical. Second, all of Wilbur and Kathern Daniels' claims are derived from the foreclosure action and were either addressed during the foreclosure action or should have been raised during the foreclosure action. They are thus part of the same claim. Third and finally, there was a final judgment on the merits in the prior litigation, despite Wilbur and Kathern Daniels actively opposing the foreclosure for years.

      c.  *Insufficient Pleading of Any Remaining Claims*

Finally, to the extent any claims remain, specifically related to those Wilbur and Kathern Daniels label "Credit Reporting Agencies" or Judge Toni E. Clarke or the State of Maryland, the Complaint utterly fails to meet the requisite pleading standards. Indeed, the entirety of the Complaint could be dismissed for this defect. Liberal construction does not allow a court to ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). For

example, the Complaint contains no specific facts supporting the conclusion that the Defendants discriminated against Wilbur and Kathern Daniels on the basis of race.  The Section 1983 cause of action appears to seek redress for wrongs inflicted on the general public, rather than Wilbur and Kathern Daniels.  ECF No. 1, at 25 (alleging that the state has "fail[ed] to protect the interest of landowners and borrowers").  This type of generalized grievance is not sufficient to invoke this Court's jurisdiction.  *Warth v. Seldin*, 422 U.S. 490, 499 (1975).  The RICO claim, which is asserted against no Defendants, is primarily a recitation of the statute and assertion that the Court should invalidate the foreclosure because it was "a false debt."  ECF No. 1, at 22.  As discussed previously, the Court does not have jurisdiction to invalidate the foreclosure.  Finally, the Complaint also misrepresents public facts by claiming that "To date, the state related case has in no way been finally adjudicated."  *Id.* at 2.  This is simply false as indicated on the docket.

### III. CONCLUSION

For the foregoing reasons, the foreclosure action shall be remanded and the related civil matter shall be dismissed.  Separate Orders follow.

Date: June 21, 2016                                             /s/
                                                    ROGER W. TITUS
                                                    UNITED STATES DISTRICT JUDGE